IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GERALD C. KELL,<br><br>Plaintiff,<br><br>v.<br><br>CAREFIRST BLUECROSS BLUESHIELD,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 1:07-cv-01402<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF FILING

PLEASE TAKE NOTICE that, on August 2, 2007, Defendant CareFirst BlueCross BlueShield filed in the Superior Court of the District of Columbia in the certain action entitled *Gerald C. Kell v. CareFirst BlueCross BlueShield*, No. 2007 CA 004418B ("the Superior Court Action"), and also served on counsel for all adverse parties, a copy of the attached Notice of the Removal of the Superior Court Action to this Court (along with a copy of the Notice of Removal previously filed in this Court). Pursuant to 28 U.S.C. § 1446(d), the attached Notice (attached here at Exhibit A) gave the Superior Court and all adverse parties written notice of the removal of the Superior Court Action to this Court.

Also attached to this current filing (at Exhibit B) is, for the record, an amended complaint in the Superior Court Action that was sent today via facsimile by Plaintiff to CareFirst.

Respectfully submitted,

/s/ Anthony F. Shelley
_____
Anthony F. Shelley (D.C. Bar No. 420043)
MILLER & CHEVALIER CHARTERED
655 15th Street, NW
Suite 900
Washington, DC  20005
Phone:  202-626-5924
Facsimile:  202-626-5801
E-mail:  ashelley@milchev.com

*Counsel for CareFirst BlueCross BlueShield*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 2, 2007, a true and correct copy of the forgoing and all exhibits were served by U.S mail, first class, postage pre-paid, on the following:

Gerald C. Kell
1309 P Street, NW
Apartment 5
Washington, DC  20005

_____
Anthony F. Shelley

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GERALD C. KELL<br><br>      Plaintiff<br><br>v.<br><br>CAREFIRST BLUECROSS BLUESHIELD<br><br>      Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 2007 CA 004418B<br>)<br>)<br>)<br>) |

**NOTICE OF REMOVAL OF THIS CASE TO THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

TO THE CLERK OF THE COURT AND TO ALL ADVERSE PARTIES:

PLEASE TAKE NOTICE that, on August 1, 2007, Defendant CareFirst BlueCross BlueShield ("CareFirst") filed a Notice of Removal concerning this case in the United States District Court for the District of Columbia. This case, accordingly, has been removed to the federal court. A copy of the Notice of Removal is attached. The docket number for the case in the federal court is 07-cv-1402 (RJL).

Pursuant to 28 U.S.C. § 1446(d), CareFirst hereby requests that this Court "proceed no further [in this case] unless and until this case is remanded" to this Court.

                                          Respectfully submitted,

                                          /s/ Anthony F. Shelley
                                          Anthony F. Shelley (D.C. Bar No. 420043)
                                          MILLER & CHEVALIER CHARTERED
                                          655 15th Street, NW, Suite 900
                                          Washington, DC 20005
                                          Phone: 202-626-5924
                                          Facsimile: 202-626-5801
                                          E-mail: ashelley@milchev.com

                                          *Counsel for CareFirst BlueCross BlueShield*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 2, 2007, a true and correct copy of the forgoing and all attachments were served by U.S mail, first class, postage pre-paid, on the following:

Gerald C. Kell
1309 P Street, NW
Apartment 5
Washington, DC  20005

_____
Anthony F. Shelley

# FACSIMILE TRANSMISSION

TO:   Kerry S. McGeever
      Legal Department
      CareFirst BlueCross Blue Shield
      840 First Street, N.E.
      Washington, D.C. 20065
      Tel: 202-680-7457
      Fax: 202-680-7620

FROM:   Gerald C. Kell
        Tel: 202-514-1586
        Fax: 202-514-8742

SUBJECT:   Kell v. CareFirst BlueCross BlueShield, No. 2007 CA 004418 B

DATE:   August 2, 2007

NO. OF PAGES (Including this cover): 8

MESSAGE:   Ms. McGeever:

Per my voice mail of this morning, I am transmitting herewith a copy of the Amended Complaint I am filing in the above-referenced action. For your convenience, please note that the only changes that this Amended Complaint makes to the Complaint previously served upon your client are the addition of the words "on October 23, 2006 and again" prior to the words "on March 15, 2007" in paragraph 15 and the addition of the word "amended" prior to the word "complaint" in paragraphs 19, 22 and 23.

Gerald Kell

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

GERALD C. KELL
1309 P Street, N.W.
Apartment 5
Washington, D.C. 20005,

        Plaintiff,

v.

CAREFIRST BLUECROSS BLUESHIELD
840 First Street, N.E.
Washington, D.C. 20065,

        Defendant.

Civil Action No. 2007 CA 004418 B

Jury Trial Demanded

## AMENDED COMPLAINT

1. Jurisdiction of this Court is founded on D.C. Code § 11-921.

2. At all times relevant hereto plaintiff, a natural person, has been a resident of the District of Columbia.

3. At all times relevant hereto defendant, a corporation, has been doing business in the District of Columbia.

4. At all times relevant hereto plaintiff has been an insured member and beneficiary of a plan of insurance known as the Federal Employee Program BlueCross BlueShield Service Benefit Plan ("Federal Employee Program" or "plan") and defendant has been the insurer with respect to that plan.

5. On June 24, 2004, plaintiff began a course of inpatient treatment at Father Martins Ashley ("Ashley"), Havre de Grace, Maryland, which treatment:

a. was appropriate to treat plaintiff's condition;

b. was consistent with standards of good medical practice in the United States;

c. was not primarily for the personal comfort or convenience of plaintiff;

d. was not part of or associated with scholastic education or vocational training of plaintiff; and

e. could not be provided safely on an outpatient basis.

6. On June 24, 2004, Ashley, acting on behalf of plaintiff, requested of defendant that defendant authorize payment for the treatment to be received by plaintiff at Ashley and described in paragraph 5 above.

7. By letter dated July 7, 2004, addressed to Ashley, defendant declined to authorize payment for plaintiff's treatment at Ashley.

8. On July 22, 2004, plaintiff completed the inpatient treatment at Ashley described in paragraph 5 above.

9. By letter dated September 20, 2004, Ashley, on behalf of plaintiff, appealed defendant's declination described in paragraph 7 above.

10. By letter dated September 20, 2004, Ashley, on behalf of plaintiff, submitted to defendant information and medical records to further support plaintiff's request for payment for the treatment described in paragraphs 5 and 8 above.

11. Defendant received the September 20, 2004, letters described in paragraphs 9 and 10 above on September 22, 2004.

2

12. On or about April 4, 2005, by a document captioned "Federal Employee Program Remittance Report Number 0127 Institutional Claims" addressed to Ashley and setting forth in detail the particulars of plaintiff's claim for payment for the treatment described in paragraphs 5 and 8 above, defendants stated, in relevant part, "[w]e need all medical records that support the services on the claim," even though all such records had been provided to defendant by Ashley as set forth in paragraph 10 above.

13. During the period from September 20, 2004, to October 17, 2006, Ashley, on plaintiff's behalf, communicated numerous times with defendant in an effort to obtain information regarding the status of plaintiff's claim and/or a decision from defendant regarding that claim and plaintiff's appeal. Defendant neither provided information nor took any action in response to those efforts other than to advise Ashley that plaintiff's claim and appeal remained pending.

14. On October 17, 2006, plaintiff contacted defendant directly and was advised by defendant's member service representative, Chris Fuller, that plaintiff's claim remained open pending submission or re-submission of medical records supporting plaintiff's claim. Mr. Fuller further advised plaintiff to send additional copies of all records supporting plaintiff's claim to defendant.

15. By certified letter dated and mailed on October 19, 2006, plaintiff submitted to defendant additional copies of all records and information supporting plaintiff's claim. Defendant received plaintiff's October 19, 2006, letter and the records and information submitted therewith on October 23, 2006, and again on March 15, 2007.

3

16. By letter dated March 6, 2007, defendant advised plaintiff that defendant refused to pay plaintiff's claim. As the only reason for its refusal, defendant asserted, for the first time and despite defendant's actions described in paragraphs 7, 12, 13, and 14 above, that plaintiff's claim had been untimely. Plaintiff's claim was not untimely, and, in any event, by reason of the said actions of defendant, defendant was and is barred and estopped from asserting that plaintiff's claim was untimely.

17. Defendant's March 6, 2007, letter stated that "the member [plaintiff] may request a reconsideration" of defendant's refusal set forth in the letter "within six (6) months of your [plaintiff's] receipt of this letter" and that "[i]f services have been provided, a post service reconsideration review will be conducted within 30 calendar days from our receipt of the request." In connection with such a request for reconsideration, defendant requested that plaintiff submit "any records or documents that would be helpful to your [plaintiff's] appeal."

18. By certified letter dated and mailed March 14, 2007, plaintiff submitted a request for reconsideration, together with all records and information previously submitted to defendant, as specified in defendant's March 6, 2007, letter described in paragraph 16 above. Defendant received plaintiff's March 14, 2007, letter and the records and information submitted therewith on March 15, 2007.

19. To the date of the filing of this amended complaint, plaintiff has received no communication from defendant either in response to plaintiff's March 14, 2007, letter described in paragraph 17 above or otherwise.

20. Upon information and belief, defendant's initial refusal, in its July 7, 2004, letter described in paragraph 7 above, to authorize payment for plaintiff's treatment at Ashley, and its

4

continuing refusal to pay plaintiff's claim for that treatment, were and are in accordance with a policy, pattern and practice of defendant to refuse to pay for inpatient treatment as the first course of treatment for the condition from which plaintiff suffered, without regard to the actual medical necessity of the patient (plaintiff in the present case) to receive the treatment and without regard to defendant's obligation under the plan to pay for the treatment, but rather to insist that the patient obtain outpatient treatment which proves unsuccessful as a prerequisite to being authorized by defendant to receive and/or as a prerequisite to defendant's paying for inpatient treatment.

21. Upon information and belief, defendant's continuing failure to provide a final decision on plaintiff's claim and/or to pay that claim was and is in accordance with a policy, pattern, and practice of defendant to delay rendering a decision on and/or paying such claims as plaintiff's indefinitely, without regard to the validity of such claims and/or with the actual knowledge that defendant is obliged under the plan to pay such claims.

22. Each, any, and/or all of defendant's actions set forth in this amended complaint (with the exception of the actions of defendant's member service representative, Chris Fuller) have been and are in direct breach and contrary to defendant's obligations under the Federal Employee Program.

23. Each, any, and/or all of defendant's actions set forth in this amended complaint (with the exception of the actions of defendant's member service representative, Chris Fuller) have been and are being taken in bad faith.

WHEREFORE, plaintiff prays that this Court:

A. Grant plaintiff a trial by jury on all issues so triable in this action;

5

B. Award plaintiff the actual cost of his treatment at Ashley, to wit, nineteen thousand eighteen dollars and thirty cents ($19,018.30);

C. Award plaintiff punitive damages in an amount to be determined by the jury, but not less than one million dollars ($1,000,000);

D. Award plaintiff the costs of this action; and

E. Grant plaintiff such other and further relief to which he may be entitled.

Respectfully submitted,

*[signature]*

GERALD C. KELL (D.C. Bar No. 929125)
1309 P Street, N.W.
Apartment 5
Washington, D.C. 20005
(202) 588-1162

6

CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2007, I served a copy of plaintiff's foregoing Amended Complaint upon counsel for defendant by United States mail addressed to:

> A. Dean Stocksdale
> Litigation General Counsel
> CareFirst BlueCross BlueShield
> Office of the Corporate Counsel
> 10455 Mill Run Circle
> Owings Mills, Maryland 21117-4208

and by United States Mail and facsimile transmission addressed to:

> Kerry S. McGeever
> Legal Department
> CareFirst BlueCross Blue Shield
> 840 First Street, N.E.
> Washington, D.C. 20065

GERALD C. KELL (D.C. Bar No. 929125)
Plaintiff