**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| GERALD C. KELL,         ) | |
|                         ) | |
|       Plaintiff,        ) | |
|                         ) | |
|       v.                ) | Case No. 1:07-cv-01402-RJL |
|                         ) | |
| CAREFIRST BLUECROSS BLUESHIELD, ) | |
|                         ) | |
|       Defendants.       ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant CareFirst BlueCross BlueShield respectfully moves to dismiss Plaintiff's claims. Plaintiff's claims, which are brought under state law, fail to state claims upon which relief can be granted because they are preempted by federal law.

The accompanying memorandum more fully explicates the bases for this motion.

A Proposed Order also accompanies this motion.

                      Respectfully submitted,

                      /s/
                      _____
                      Anthony F. Shelley (D.C. Bar No. 420043)
                      MILLER & CHEVALIER CHARTERED
                      655 15th Street, NW
                      Suite 900
                      Washington, DC  20005
                      Phone:  202-626-5924
                      Facsimile:  202-626-5801
                      E-mail:  ashelley@milchev.com

                      *Counsel for CareFirst BlueCross BlueShield*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 8, 2007, a true and correct copy of the forgoing motion, the accompanying supporting memorandum, and proposed order were served by U.S mail, first class, postage pre-paid, on the following:

Gerald C. Kell
1309 P Street, NW
Apartment 5
Washington, DC  20005

/s/
_____
Anthony F. Shelley

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GERALD C. KELL, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:07-cv-01402-RJL |
| CAREFIRST BLUECROSS BLUESHIELD, ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant CareFirst BlueCross BlueShield ("CareFirst") respectfully files this memorandum in support of its motion to dismiss Plaintiff's claims against it.

**INTRODUCTION**

This suit involves a dispute over benefits allegedly due under a health benefits plan for federal employees. Plaintiff is an enrollee in the Blue Cross Blue Shield Service Benefit Plan ("Service Benefit Plan" or "Plan"). The Service Benefit Plan is one of the federal government's health benefits plans for federal employees and annuitants and their dependents; as such, it is governed by the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901-8914. Alleging that CareFirst has wrongfully refused to pay benefits for services that he received and has acted in bad faith, Plaintiff sued in the District of Columbia Superior Court under D.C. law for the benefits allegedly due to him and for punitive damages. CareFirst removed the action to this Court.

The Court should dismiss Plaintiff's claims for failure to state claims upon which relief can be granted, because the claims are preempted by FEHBA. As the courts have repeatedly recognized, FEHBA bars all state law actions relating to a FEHBA plan's benefits and coverage.

The statute instead requires enrollees to appeal benefits disputes to the U.S. Office of Personnel Management ("OPM"), with judicial review against OPM pursuant to federal law to follow. Having pursued state law remedies foreclosed by federal law, Plaintiff's claims must be dismissed under FRCP 12(b)(6).

## BACKGROUND

### A.     Contractual and Regulatory Background

1.      *The Service Benefit Plan*.  Congress enacted FEHBA in 1959 to provide health benefits for federal employees.  Instead of selecting one insurer for this purpose, it vested a government agency -- now OPM -- with broad discretion to establish insurance plans with many different insurers, which are known under the FEHBA program as "carriers."  *See* 5 U.S.C. §§ 8901(7), 8902-8903, 8913.

One such plan is the Service Benefit Plan.  *See* 5 U.S.C. § 8903(1).  The Service Benefit Plan is formed by federal government contract between OPM and the Blue Cross and Blue Shield Association ("Association").  The Association, in turn, acts on behalf of local Blue Cross and Blue Shield companies nationwide, which underwrite the Plan and administer it in their individual localities; CareFirst administers the Service Benefit Plan in the District of Columbia. *See* 2002 Service Benefit Plan Master Contract (Exh. B1 to Notice of Removal (Doc. #1)) [hereinafter "2002 Master Contract"]; 2004 Statement of Benefits for the Service Benefit Plan at 4 (Exh. D to Notice of Removal) [hereinafter "2004 Statement of Benefits"].

Federal employees do not contract directly with the Association or CareFirst for health benefits.  Instead, they enroll in the Service Benefit Plan through OPM.  *See* 5 U.S.C. § 8905(a); 5 C.F.R. §§ 890.101(a), 890.102-104, 890.301(d) and subparts C, D, and K.  After federal employees enroll in the Plan, they receive benefits in accordance with the terms of the contract between OPM and the Association.  *See generally St. Mary's Hosp. v. CareFirst of Md., Inc.*,

2

192 F. Supp. 2d 384, 386 (D. Md. 2002). The government pays the majority of the premium cost for each enrollee. 5 U.S.C. §§ 8906, 8909(a).

2. *OPM Authority over Benefits*. In FEHBA, Congress delegated to OPM expansive authority to procure such health benefits as the agency "considers necessary or desirable." 5 U.S.C. § 8902(d). In conjunction with this authority, OPM issues to all enrollees in each FEHBA plan a "Statement of Benefits." *See* 5 U.S.C. § 8902(d). The Statement of Benefits, as Congress has specified, sets forth the "benefits, including maximums, limitations, and exclusions," the "procedure for obtaining benefits," and the "principal provisions of the plan affecting the enrollee and any eligible family members." *Id.* § 8907(b). The Statement of Benefits for the Service Benefit Plan is incorporated into the master contract between OPM and the Association and is the official description of benefits terms. *See* 2002 Master Contract § 2.2; 2004 Statement of Benefits at 4.[1]

3. *OPM's Administrative Review Procedures and Subsequent Litigation*. Under FEHBA, each contract that OPM enters must require the carrier "to pay for or provide a health service or supply in an individual case" if OPM "finds that the employee . . . is entitled thereto under the terms of the contract." 5 U.S.C. § 8902(j). OPM has implemented this provision by establishing a mandatory administrative remedy at the agency for those who believe that the carrier has wrongfully denied benefits. 5 C.F.R. § 890.105; *see also id.* § 890.107(d)(1). The administrative remedy is to be invoked after exhaustion of all internal appeals (including a right

---

[1] The Court can consider documents referred to in the complaint when considering a motion to dismiss under FRCP 12(b)(6). *See Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002). Plaintiff in the amended complaint refers to the relevant "plan of insurance" and specifically "the Federal Employee Program BlueCross BlueShield Service Benefit Plan." Amended Compl. ¶ 4. The 2002 master contract (and subsequent amendments) and its 2004 Statement of Benefits, as attached to the Notice of Removal and cited in this brief, are the governing benefits and insurance documents for the Service Benefit Plan for the year (2004) in which the medical services at issue were incurred. To complete the record, CareFirst also attached to the Notice of Removal the master contract as re-issued in 2006 (and its amendments), *see* Exh. C. to Notice of Removal, as well as the Statements of Benefits issued subsequent to 2004. *See* Exhs. D, E, F to Notice of Removal; Large Addit'l Attach (Doc. #3).

to reconsideration) with the carrier. *Id.* § 890.105. If OPM finds that the denial by the carrier is incorrect, the carrier is contractually obligated to pay the benefits. 5 U.S.C. § 8902(j).

OPM's regulations also provide that any court litigation over benefits may only be brought as an action against the *agency* for judicial review of its administrative decision. *See* 5 C.F.R. § 890.107(c). The regulations expressly state that litigation "must be brought against OPM and not against the carrier or the carrier's subcontractors." *Id.* In addition, no suit whatsoever shall be commenced "prior to exhaustion of the [OPM] administrative remed[y]." *Id.* § 890.107(d)(1). "[T]he recovery in such a suit shall be limited to a court order directing OPM to require the carrier to pay the amount of benefits in dispute." *Id.* § 890.107(c).

This federal remedial scheme is likewise outlined in detail in the Service Benefit Plan's Statement of Benefits. *See* 2004 Statement of Benefits at 101-02. The Statement of Benefits mandates first that reconsideration be sought with the carrier of any denial of benefits, that an appeal to OPM may follow, and that any suit thereafter must be brought against OPM in federal court for judicial review of the agency's decision. *Id.* The Statement of Benefits also provides: "Federal law governs your lawsuit, benefits, and payment of benefits. The Federal court will base its review on the record that was before OPM when OPM decided to uphold or overturn our decision. You may recover only the amount of benefits in dispute." *Id*.

4. *FEHBA's Preemption Provision*. In 1978, Congress added a preemption provision to FEHBA, which it then amended in 1998 in order to "broaden[]" FEHBA's preemptive scope. H.R. Rep. No. 105-374, at 9 (1997). As currently in force, FEHBA's preemption provision states:

> The terms of any contract under this chapter which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans.

4

5 U.S.C. § 8902(m)(1) (2000 Supp.) (as amended by the Federal Employees Health Care Protection Act of 1998, Pub. L. No. 105-266, § 3(c), 112 Stat. 2363, 2366 (1998)).

With this provision, Congress sought to "strengthen the ability of national plans to offer uniform benefits and rates to enrollees regardless of where they may live," to "confirm" that "FEHB program contract terms which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) completely displace State or local law relating to health insurance or plans," and to "strengthen the case for trying FEHB program claims disputes in Federal courts rather than State courts." H.R. Rep. No. 105-374, at 9, 16; *accord* S. Rep. No. 95-903, at 2, *reprinted in* 1978 U.S.C.C.A.N. 1412, 1413 (legislative history of FEHBA's original preemption provision). Recently, the Supreme Court noted that, "under § 8902(m)(1) as it now reads, state law -- whether consistent or inconsistent with federal plan provisions -- is displaced on matters of 'coverage or benefits.'" *Empire HealthChoice Assurance, Inc. v. McVeigh*, 126 S. Ct. 2121, 2129 (2006).

### B.     This Lawsuit

Plaintiff is an enrollee in the Service Benefit Plan. Amended Compl. ¶ 4 (Exh. B to Notice of Filing of Notice to State Court of Removal to Federal Court (Doc. #4)). He alleges that he sought pre-certification and then payment for "inpatient treatment" at a medical facility, but that CareFirst declined the pre-certification and then denied benefits for treatment. *See id.*; *see also* ¶¶ 5-16. Plaintiff alleges that the denial resulted from a regular practice of CareFirst denying inpatient claims "without regard to the validity of the claims," was "in direct breach and contrary to defendant's obligations under the Federal Employee Program," and was in "bad faith." *Id.* ¶ 21-23. He sues for "the actual costs of his treatment . . . nineteen thousand eighteen dollars and thirty cents ($19,018.30)" and for $1 million in punitive damages. *Id.* at page 6.

5

Though Plaintiff alleges he has sought reconsideration of the denial of benefits from CareFirst (*see id.* ¶ 18), there is no allegation in the pleadings that Plaintiff has at any point pursued an appeal at OPM.

## ARGUMENT

### *PLAINTIFF'S CLAIMS ARE PREEMPTED BY FEHBA AND MUST BE DISMISSED*

Courts in this Circuit and elsewhere have held repeatedly that FEHBA preempts all state law claims relating to the payment of benefits by a FEHBA plan. *See, e.g., Robinson v. Humana Group Health Plan, Inc.*, No. 95-1233 (GK), 1996 U.S. Dist. LEXIS 16578, at *7 (D.D.C. Nov. 4, 1996); *see also, e.g., Botsford v. Blue Cross & Blue Shield of Mont., Inc.*, 314 F.3d 390, 393-96 (9th Cir. 2002); *Burkey v. Gov't Employees Hosp. Ass'n*, 983 F.2d 656, 660 (5th Cir. 1993); *Hayes v. Prudential Ins. Co. of Am., Inc.*, 819 F.2d 921, 926 (9th Cir. 1987); *Myers v. United States*, 767 F.2d 1072, 1074 (4th Cir. 1985); *St. Mary's Hosp. v. CareFirst of Md., Inc.*, 192 F. Supp. 2d 384, 388-89, 390 (D. Md. 2002); *Carter v. Blue Cross & Blue Shield of Fla., Inc.*, 61 F. Supp. 2d 1241, 1243 (N.D. Fla. 1999); *Kight v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.* 34 F. Supp. 2d 334, 341-42 (E.D. Va. 1999); *Negron v. Patel*, 6 F. Supp. 2d 366, 370 (E.D. Pa. 1998); *Williams v. Blue Cross & Blue Shield of Va.*, 827 F. Supp. 1228, 1229-30 (E.D. Va. 1993).

The holdings in these decisions follow from FEHBA's express preemption clause. Under that clause, FEHBA contract terms that "relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits)" preempt any state laws that "relate[] to health insurance or plans." 5 U.S.C. § 8902(m)(1). The Statement of Benefits for the Service Benefit Plan, which is a contractual document (*see supra* p. 3), contains specific provisions outlining the remedy that must be followed in order to dispute a plan's denial of benefits. Under these provisions, reconsideration must be sought with the carrier; then an administrative appeal

must be filed with OPM; after that, a litigant may file an action in federal court *against OPM* for judicial review of OPM's decision, with the sole relief available being an order requiring payment of the disputed benefits (but not interest, punitive damages, fees, or costs).  *See supra* pp. 3-5; 2004 Statement of Benefits at 101-02.  Direct judicial action against the carrier or its subcontractors is forbidden.  *See* 5 C.F.R. § 890.107; *Kight*, 34 F. Supp. 2d at 339.  Consistent with FEHBA's preemption provision, the courts have held that the FEHBA contract's remedy for disputing denials of benefits preempts any state law claims seeking benefits or coverage.  *See St. Mary's Hosp.*, 192 F. Supp. 2d at 390; *Kight*, 34 F. Supp. 2d at 341-42; *Rievley v. Blue Cross Blue Shield of Tenn.*, 69 F. Supp. 2d 1028, 1033-37 (E.D. Tenn. 1999); *Negron*, 6 F. Supp. 2d at 370.

In this case, Plaintiff is suing for benefits that CareFirst has denied.  Since he is seeking benefits, and because his health benefits plan is governed by FEHBA, Plaintiff's state law claims are preempted.  His exclusive remedy would be through OPM's administrative process, with judicial review against OPM thereafter.  Nor can Plaintiff avoid preemption by adding allegations that CareFirst has acted in bad faith or otherwise mishandled his claim for benefits.  "Tort claims arising out of the manner in which a benefit claim is handled are not separable from the terms of the contract that governs benefits."  *Burkey*, 983 F.2d at 660; *accord Hayes*, 819 F.2d at 926.  Because Plaintiff's bad faith claim requires the Court to refer to the plan to "determine coverage and whether the proper claims handling process was followed, it refers to the plan, 'relates to' it and is therefore preempted."  *Burkey*, 983 F.2d at 660; *accord Hayes*, 819 F.2d at 926; *see also Myers*, 767 F.2d at 1074 (bad faith claim for denial of benefits preempted by FEHBA); *Rievley*, 69 F. Supp. 2d at 1036 (same).

## **CONCLUSION**

The Court should grant CareFirst's motion to dismiss.

                                        Respectfully submitted,

                                        /s/
                                        _____
                                        Anthony F. Shelley (D.C. Bar No. 420043)
                                        MILLER & CHEVALIER CHARTERED
                                        655 15th Street, NW
                                        Suite 900
                                        Washington, DC  20005
                                        Phone:  202-626-5924
                                        Facsimile:  202-626-5801
                                        E-mail:  ashelley@milchev.com

                                        *Counsel for CareFirst BlueCross BlueShield*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| GERALD C. KELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CAREFIRST BLUECROSS BLUESHIELD, | ) ) ) |
| Defendants. | ) ) |

Case No. 1:07-cv-01402-RJL

### **ORDER**

Having considered Defendant CareFirst BlueCross BlueShield's motion to dismiss, the supporting memorandum, and all oppositions and replies, it is hereby ORDERED:

1)   that the motion is GRANTED.

2)   that the Amended Complaint is DISMISSED.

_____
United States District Judge

Dated:  _____