IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERALD C. KELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAREFIRST BLUECROSS BLUESHIELD,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:07-cv-01402-RJL<br>)<br>)<br>)<br>) |

**DEFENDANT CAREFIRST BLUECROSS BLUESHIELD'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant CareFirst BlueCross BlueShield ("CareFirst") respectfully files this reply in support of its motion to dismiss Plaintiff's claims against it.

**INTRODUCTION**

In his opposition to CareFirst's motion to dismiss, Plaintiff Gerald Kell asserts two arguments for why his claims are not preempted by the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901-8914, and thus supposedly can be maintained against CareFirst: First, Plaintiff asserts that CareFirst purportedly "block[ed] his access" to the statutorily prescribed administrative scheme for appealing benefit denials, Pl.'s Opp'n at 1, and that, as a result, CareFirst is now somehow foreclosed from arguing that Kell's exclusive remedy under FEHBA is through that administrative regime. Second, Plaintiff appears to argue, citing a dated line of cases, that FEHBA's preemption provision is narrow and, in fact, does not preempt his claims.

Both arguments lack merit. Even taking Plaintiff's account of the facts as true -- although CareFirst vigorously contests that account of the facts -- the FEHBA-mandated appeals

process, administered by the U.S. Office of Personnel Management ("OPM"), remained very much open to Plaintiff; and even if it did not, Plaintiff still could not resort now to suing CareFirst under state law. Moreover, the line of cases cited by Plaintiff in arguing against preemption -- a minority view even at the time those cases were decided -- has been legislatively overridden by the 1998 amendments to FEHBA. Accordingly, for these reasons and the reasons stated in our original brief, Plaintiff's claims against CareFirst should be dismissed.

## ARGUMENT

### A. Plaintiff Cannot Avoid Preemption by Asserting His Appeal Rights Have Allegedly Been Undermined

Plaintiff's first line of attack is to contend that CareFirst essentially is estopped from asserting preemption because it has supposedly undermined his rights to use the exclusively federal process for grievances over FEHBA benefits; as a result, he can purportedly resort to lucrative punitive damages remedies under state law. We strongly disagree with Plaintiff's rendition of the procedural events in this case, but will not, of course, address them in the context of a motion to dismiss. Even assuming Plaintiff's rendition of the facts, he still plainly had opportunity to use OPM's appellate process. And in any event, even if his appeal rights were somehow thwarted, he still would have not have the right to seek state law remedies; instead, it would be OPM's task to police any alleged carrier actions that Plaintiff maintains harmed his rights.

Under Plaintiff's version of the facts, he had the right on at least three instances to seek OPM review, but never availed himself of that right. First, Plaintiff contends that on September 20, 2004, the provider, Father Martin's Ashley ("Ashley"), sent a letter to CareFirst requesting that CareFirst reconsider its initial decision denying Plaintiff benefits for his treatment at Ashley. Pl.'s Opp'n at 4. From the date a carrier receives such a request for reconsideration, the carrier

2

has 30 days to either: (1) affirm the denial, (2) pay the bill, or (3) request additional information from the enrollee. 5 C.F.R. § 890.105(b)(2). If the carrier fails to take one of these actions within this 30-day period, "[t]he covered individual may request OPM review." *Id.* Because Plaintiff (according to his version of the facts) did not receive any further communication from CareFirst until April 4, 2005 (*see* Pl.'s Opp'n at 4), which was well after this 30-day period, Plaintiff could have sought OPM review of CareFirst's decision.

Second, Plaintiff asserts that on October 17, 2006, CareFirst advised Plaintiff that his claim remained open and requested additional information, which it purportedly received on October 23, 2006. Pl.'s Opp'n. at 5. From the date it receives such further information from an enrollee, the carrier has 30 days to either affirm the denial or pay the bill. 5 C.F.R. § 890.105(b)(2)(iii). If the carrier does not so respond, the enrollee may seek OPM review. *Id.* Here, Plaintiff asserts that the next communication he received from CareFirst following its receipt of his information was on March 6, 2007, when CareFirst affirmed the denial of benefits. Pl.'s Opp'n. at 5. Because CareFirst purportedly did not respond within 30 days from its receipt of Plaintiff's information, Plaintiff again could have sought OPM review.

Finally, Plaintiff's right to seek OPM review was triggered a third time following CareFirst's most recent communication to Plaintiff. Specifically, on March 6, 2007, CareFirst sent Plaintiff a letter affirming its denial of benefits. *See* Pl.'s Opp'n., Exh. 6. Once a carrier affirms a denial of benefits, an enrollee may seek OPM review of the carrier's decision within 90 days of the carrier's notice. 5 C.F.R. § 890.105(e)(1)(i). Assuming that Plaintiff received this notice on March 14, 2007, the same date he responded to CareFirst (Plaintiff did not specify the date he received the notice), *see* Pl.'s Opp'n at 7, Plaintiff could have sought OPM review by June 14, 2007. Even now, it is conceivable that he could still seek OPM review, since OPM has

3

the discretion to waive the time deadline if Plaintiff makes an appropriate showing.  *See* 5 C.F.R. § 890.105(e)(1)(iii).

Thus, the availability of the OPM appeals process was always open to Plaintiff -- his failure to avail himself of it was not the fault of CareFirst.  And the OPM process, given OPM's discretion to extend deadlines, may still be open to him.

Moreover, regardless of who is right about the procedural events, those events can provide no warrant for Plaintiff now resorting to state law (and, in particular, lucrative punitive damages remedies) against a FEHBA carrier.  As one court held in another case in which a Plaintiff challenged a FEHBA carrier's conduct:  "Congress already adopted an enforcement scheme in FEHBA whereby it delegated the power to police the administration of FEHBA plans to OPM.  Plaintiff's attempt to seek state law review of Plan administrative policies directly conflicts with the OPM powers." *Kight v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.*, 34 F. Supp. 2d 334, 342 (E.D. Va. 1999) (citations omitted); *accord Bridges v. Blue Cross & Blue Shield Ass'n*, 935 F. Supp. 37, 43 (D.D.C. 1996) ("[T]he [FEHBA] envisions a comprehensive administrative rubric for the protection of federal [employees].").  Rather, as noted at length in *Bridges*, FEHBA delegates the power to police carrier conduct to OPM, and OPM has issued extensive regulations.  *See Bridges*, 935 F. Supp. at 42-43.  Under "traditional conflict preemption principles," the Court should reject Plaintiff's effort to use state law to police conduct that Congress expected OPM exclusively to control.  *Kight*, 34 F. Supp. 2d at 342; *see also Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 348-52 (2001) (holding that state law claims were preempted by federal agency's authority to police the conduct of regulated

4

entities, notwithstanding allegation that defendant had perpetrated hidden facts from agency and committed "fraud-on-the-agency").[1]

**B.     Plaintiff Relies on Discredited Authority in Arguing that FEHBA Does Not Preempt His Claims**

In arguing that FEHBA does not preempt state law claims relating to the payment of benefits, Plaintiff cites to three federal cases decided two decades ago: *Howard v. Group Hosp. Serv.*, 739 F.2d 1508 (10th Cir. 1984), *Mooney v. Blue Cross of W. Pa.*, 678 F. Supp. 565, 567 (W.D. Pa. 1988), and *Eidler v. Blue Cross Blue Shield United of Wisc.*, 671 F. Supp. 1213. 1216-17 (E.D. Wis. 1987).   This Court has previously found that these cases "clearly represent a minority view of the FEHBA preemption provision." *Robinson v. Humana Group Health Plan, Inc.*, 1996 U.S. Dist. LEXIS at *14-15 (D.D.C. Nov. 4, 1996).

More important, to the extent these cases ever were even a minority view, they have now been expressly overruled by Congress.  The cases Plaintiff relies upon were decided prior to the 1998 amendments to FEHBA under the previous version of FEHBA's preemption provision, which was narrower than the current version.  Specifically, the earlier version of FEHBA provided that FEHBA preempted state law "to the extent that such law or regulation is inconsistent with such contractual provisions." 5 U.S.C. § 8902(m)(1) (1994).  In 1998, however, Congress eliminated the "inconsistent with" language; now, FEHBA-plan contract

---

[1] In our opening brief we focused on express preemption, the type that arises from application of a preemption provision enacted by Congress.  In addition, there is also implied or "conflict" preemption, which exists whenever state law frustrates the objectives or operation of federal legislation. *See generally Geier v. Am. Honda Motor Co.*, 529 U.S. 861, 873-74 (2000).  In this case, both require dismissal of Plaintiff's claims.  Under FEHBA's preemption provision, 5 U.S.C. § 8902(m)(1), any claim that "relates to" FEHBA-plan contract terms is preempted, and Plaintiff's claims here (as noted in our opening brief, at pp. 6-7) do relate to coverage terms contained in the contract and that are subject to administrative review mechanisms adopted in the contract.  Further, there is conflict preemption, because, as noted above, any effort to use state law to police carrier conduct collides with Congress's delegation of police power to OPM.

5

terms that "relate to the nature, provision, or extent of coverage or benefits (including payment with respect to benefits) shall supersede and preempt any State or local law…which relates to health insurance or plans." 5 U.S.C. § 8902(m)(1) (2000). "Thus, under § 8902(m)(1) as it now reads, state law -- whether consistent or inconsistent with federal plan provision -- is displaced on matters of 'coverage or benefits.'" *Empire HealthChoice Assurance, Inc. v. McVeigh*, 126 S. Ct. 2121, 2128-29 (2006). Congress amended FEHBA's preemption provision to "confirm" that "FEHB program contract terms which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) *completely displace* State or local law relating to health insurance or plans." H.R. Rep. No. 105-374, at 9, 16 (1998) (emphasis added).

Courts interpreting FEHBA after the 1998 amendments, in rejecting the line of cases relied upon by Plaintiff, have found that "[t]he new language and the legislative history surrounding its adoption clarif[ies] the intent of Congress that FEHBA completely preempt state law concerning federal employees' health coverage." *Rievley v. Blue Cross and Blue Shield of Tennessee*, 69 F. Supp. 2d 1028, 1033 (E.D. Tenn. 1999) (rejecting *Mooney* and *Eidler*); see *Ruff v. United States Office of Personnel Mgmt.*, No. Civ-06-1440-R, slip op. at 3-5 (W.D. Okla. Mar. 30, 2007) (Exhibit A to this Reply) (district court in 10th Circuit noting that 10th Circuit's *Howard* decision is overruled by 1998 amendments); *see generally Kight*, 34 F. Supp. 2d at 339 (noting effect of 1998 amendments on expanding preemption); *St. Mary's Hosp. v. CareFirst of Md., Inc.*, 192 F. Supp. 2d 384, 388-89 (D. Md. 2002) (same). Further, given that this Court deemed even the weaker pre-1998 preemption provision as preempting state law causes of action relating to health benefits, *Robinson*, 1996 U.S. Dist. LEXIS at *20, *a fortiori*, the current version of the provision also preempts such state law causes of action.

6

Plaintiff, again, attempts to circumvent this unfavorable jurisprudence by arguing, unsupported by any authority, that because of CareFirst's actions in purportedly denying him access to FEHBA's administrative review process, his state law claims are not preempted. Pl.'s Opp'n at 10. As explained in Part A, *supra*, however, CareFirst has not "blocked" his access to the review process. And, in any event, state law claims -- even if a carrier's actions are alleged to amount to torts, unfair settlement practices, or breaches of fair-dealing covenants or alleged fiduciary obligations -- have repeatedly and emphatically been found to be preempted by the courts. *See* CareFirst's Mem. in Supp. of Mot. to Dismiss at 6 (listing cases).[2]

---

[2] In a footnote in his brief, Plaintiff hints that the Court might not have jurisdiction, while at the same time indicating he does not oppose, so far, the exercise of jurisdiction. *See* Pl.'s Opp'n at 8 n.5. Notwithstanding that he relies on the Supreme Court's *Empire* decision in the footnote, *Empire* fully supports the federal-question jurisdiction of this Court, as defined in the Notice of Removal. Though finding that FEHBA does not completely preempt *subrogation* matters relating to FEHBA, the Supreme Court in *Empire* was quite clear that FEHBA does completely preempt (and thus provides removal jurisdiction for) suits *seeking benefits*. *See* 126 S. Ct. at 2134 (FEHBA's "prescriptions ensure that suits brought by beneficiaries for denial of benefits will land in federal court."). Because complete preemption rests on the existence of an available federal enforcement scheme (which makes any state law claim within the ambit of that enforcement scheme a federal claim for jurisdictional purposes), *see Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 & n.5 (2003), benefits claims are different than subrogation claims. FEHBA does have a well-defined enforcement scheme (including OPM review) for benefits denials, but that regime does not apply to subrogation matters. *See Empire*, 126 S. Ct. at 2134-35. After *Empire*, courts have continued to have no difficulty finding that FEHBA completely preempts and therefore makes removal enrollee claims challenging benefits denials. *See, e.g., Alabama Dental Ass'n v. Blue Cross Blue Shield of Ala.*, 2007 U.S. Dist. LEXIS 685, at *16-*21 (M.D. Ala. Jan. 3, 2007); *Center for Restorative Breast Surgery, LLC v. Blue Cross Blue Shield of La.*, 2007 U.S. Dist. LEXIS 34833, at *28-*29 (E.D. La. May 10, 2007). In any event, the case is also plainly subject to the special removal jurisdiction for entities acting under federal officers and agencies, 28 U.S.C. § 1442(a)(1). *See Alabama Dental Ass'n*, 2007 U.S. Dist. LEXIS at *21-*25. *Empire* did not at all address the latter topic.

## **CONCLUSION**

The Court should grant CareFirst's motion to dismiss.

                                         Respectfully submitted,

                                         /s/
                                         _____
                                         Anthony F. Shelley (D.C. Bar No. 420043)
                                         MILLER & CHEVALIER CHARTERED
                                         655 15th Street, NW
                                         Suite 900
                                         Washington, DC  20005
                                         Phone:  202-626-5924
                                         Facsimile:  202-626-5801
                                         E-mail:  ashelley@milchev.com

                                         *Counsel for CareFirst BlueCross BlueShield*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 17, 2007, a true and correct copy of the forgoing was served by U.S mail, first class, postage pre-paid, on the following:

Gerald C. Kell
1309 P Street, NW
Apartment 5
Washington, DC  20005

/s/
_____
Anthony F. Shelley

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GEORGE WAYNE RUFF,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-06-1440-R |
| ) | |
| **UNITED STATES OFFICE OF** ) | |
| **PERSONNEL MANAGEMENT, and** ) | |
| **HEALTH CARE SERVICE** ) | |
| **CORPORATION, d/b/a BLUE CROSS** ) | |
| **AND BLUE SHIELD OF OKLAHOMA,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This matter comes before the Court on the Motion to Dismiss, filed by Defendant, Health care Service Corporation, d/b/a Blue Cross and Blue Shield of Oklahoma (herein after "Blue Cross"). Plaintiff responded in opposition to the motion. For the reasons set forth herein, the motion is granted.

Plaintiff, an employee of the National Weather Service ("NWS"), filed this action alleging that he was denied coverage by the Office of Personnel Management for IVIG therapy necessary for the treatment of his Epstein Barr Virus, with inflammatory and post-infectious bilateral plexopathy. Blue Cross denied payment in June 2004. Plaintiff appealed the denial to Blue Cross by letter dated June 9, 2005. On July 14, 2005, Blue Cross denied Plaintiff's first appeal. Plaintiff appealed this denial on August 15, 2005, which was denied again by Blue Cross on September 13, 2005. In March 2006, Plaintiff asked that the Office of Personnel Management review the denial. On May 4, 2006, the Office of Personnel

Management denied Petitioner's request for payment of the claim. Plaintiff filed this action asserting a claim against the Office of Personnel Management under the Federal Employee Health Benefits Act. He also seeks to recover from both the Office of Personnel Management and Blue Cross under the Employee Retirement Income Security Act ("ERISA"). Finally, Plaintiff seeks damages from Blue Cross under state law, asserting breach of contract and bad faith claims.

Defendant Blue Cross filed a motion to dismiss, seeking to dismiss all counts of the complaint. In response to the motion Plaintiff clarified that Count I was directed solely at the Office of Personnel Management, and accordingly the motion to dismiss is denied as moot with regard to this claim.

In Count II, Plaintiff asserts that NWS is not a governmental agency or instrumentality, and that therefore, he may proceed against Blue Cross under ERISA. The Court, however, cannot accept this factual assertion, because it is contrary to law. The National Weather Service is part of the National Oceanic and Atmospheric Administration, part of the Department of Commerce. As an employee of the NWS Plaintiff was covered by the Federal Employees Health Benefit Act. Under the FEHBA, the Office of Personnel Management ("OPM") is authorized to negotiate contracts with qualified carriers who provide health benefit coverage to the participants under the FEHBA plan. ERISA does not apply to FEHBP insured. Under 29 U.S.C. § 1003(b), ERISA does not apply to a "governmental plan (as defined in section 1002(32) of this title.)" Section 1002(32) defines a governmental plan to mean "a plan established or maintained for its employees by the

Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of the foregoing." 29 U.S.C. § 1002(32). Plaintiff is an employee of the National Weather Service, an agency of the United States government. Accordingly, pursuant to § 1003(b) ERISA does not apply, and Defendant is entitled to dismissal of Count II of the complaint.

Defendant Blue Cross also alleges that it is entitled to dismissal of Plaintiff' state law claims. Citing to 5 C.F.R. § 890.107(c) and 5 U.S.C. § 8902(m)(1), Defendant contends that the FEHBA preempts Plaintiff's state law claims. Plaintiff, citing to authority from the Tenth Circuit and a case from the Oklahoma Supreme Court, asserts that his state law claims are permissible. 5 U.S.C. § 8902(m)(1) provides that "[t]he terms of any contract under this chapter which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans."

5 C.F.R. § 890.107(c) provides:

Federal Employees Health Benefits (FEHB) carriers resolve FEHB claims under authority of Federal statute (5 U.S.C. chapter 89). A covered individual may seek judicial review of OPM's final action on the denial of a health benefits claim. A legal action to review final action by OPM involving such denial of health benefits must be brought against OPM and not against the carrier or carrier's subcontractors. The recovery in such a suit shall be limited to a court order directing OPM to require the carrier to pay the amount of benefits in dispute

The Court concludes that these two sections taken together clearly indicate that Plaintiff's state law claims are preempted by the FEHBA.

3

> A 1998 amendment to § 8902(m)(1) "eliminated language that had previously limited preemption 'to the extent that such [state] law or regulation is inconsistent with such contractual provisions.' Courts have found this change in language to be persuasive evidence of congressional intent to completely preempt state law." *St. Mary's Hosp. v. Carefirst of Md., Inc.*, 192 F.Supp.2d 384, 388 (D.Md.2002). The legislative history reflects that the 1998 amendment confirms the intent of Congress (1) that FEHB program contract terms which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) completely displace State or local law relating to health insurance or plans and (2) that this preemption authority applies to FEHB program plan contract terms which relate to the provision of benefits or coverage, including managed care programs. H.R.Rep. 105-374 at 16 "Federal Employees Health Care Protection Act of 1997" (1997). *See Doyle v. Blue Cross Blue Shield of Illinois*, 149 F.Supp.2d 427, 433 (N.D.Ill.2001) ("the language of the House Report is sufficiently clear to demonstrate an intent to create complete preemption"); *Rievley v. Blue Cross Blue Shield of Tennessee*, 69 F.Supp.2d 1028, 1034 (E.D.Tenn.1999) ("Congress has demonstrated a clear intention that FEHBA completely preempt state law in the area of federal employee health insurance plans"). *See also Botsford v. Blue Cross & Blue Shield of Mont., Inc.*, 314 F.3d 390, 395 (9th Cir.2002) ("courts have held that FEHBA preempts disputes over a 'denial of benefits' and 'the nature or extent of coverage for benefits'"); *Carter v. Blue Cross Blue Shield of Fla., Inc.*, 61 F.Supp.2d 1237, 1240 (N.D.Fla.1999) ("1998 Act removed the phrase ... that had troubled some courts in determining whether there was complete preemption"); *Kight v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, 34 F.Supp.2d 334, 339 (E.D.Va.1999) ("House Report noted that the purpose of the amendment was to affirm Congress' preemptive intent").

*In re LymeCare, Inc*,. 301 B.R. 662, 669 (Bkrtcy.D.N.J.,2003). *Howard v. Group Hospital Service*, 739 F.2d 1508 (10th Cir. 1984) and *Kincade v. Group Health Servs.*, 945 P.2d 485 (Okla. 1997), relied upon by the Plaintiff, were decided before this 1998 amendment. It is apparent that the amendment broadened the scope of preemption, and that Plaintiff's claims in this case are precluded. A dispute over benefits is precisely the kind of dispute that FEHBA preempts. *Botsford v. Blue Cross and Blue Shield of Montana*, 314 F.3d 390, 395

(9th Cir. 2002). Accordingly, Plaintiff's Count III breach of contract claim must be dismissed. Furthermore, because Plaintiff's breach of contract claim against Blue Cross is preempted, the Court concludes that his bad faith breach of contract claim is also preempted, because it too is a claim for the denial of benefits.

For the reasons set forth herein, Defendant Blue Cross and Blue Shield is entitled to dismissal of Plaintiff's claims. Accordingly, the motion to dismiss is GRANTED with regard to Counts II, III, and IV of the complaint. It is DENIED AS MOOT with regard to Count I, as the Plaintiff has clarified that the Office of Personnel Management is the only Defendant to that claim.

IT IS SO ORDERED this 30th day of March 2007.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE