## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERALD C. KELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| CAREFIRST BLUECROSS BLUESHIELD, | )  Case No. 1:07-cv-01402-RJL |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

### MEET AND CONFER REPORT PURSUANT TO LOCAL CIVIL RULE 16.3

Pursuant to Local Civil Rule 16.3 and Rule 26(f) of the Federal Rules of Civil Procedure,
Plaintiff Gerald Kell and Defendant CareFirst BlueCross BlueShield respectfully submit this
report of their meet and confer conference. In accordance with Local Rule 16.3, the parties
discussed the following topics:

**(1)    Whether the case is likely to be disposed of by dispositive motion; and whether, if a
dispositive motion has already been filed, the parties should recommend to the court
that discovery or other matters should await a decision on the motion.**

<u>Plaintiff's Position</u>: Plaintiff believes that this case cannot properly be disposed of by a
dispositive motion. In light, however, of Defendant's pending motion to dismiss, plaintiff
recommends that discovery await the Court's resolution of that motion.

<u>Defendant's Position</u>: Defendant believes this case is likely to be disposed of by a dispositive
motion, as it has already filed a motion to dismiss. Defendant requests that discovery await the
Court's decision on the motion.

**(2)    The date by which any other parties shall be joined or the pleadings amended, and
whether some or all the factual and legal issues can be agreed upon or narrowed.**

<u>Parties' Joint Position</u>: At this time, while reserving their rights to join additional parties and
amend the pleadings, the parties do not anticipate joining any other parties, and the Plaintiff does
not anticipate amending his pleading. In the event this case is not disposed of on Defendant's
motion to dismiss, the parties will work together to narrow the legal issues.

**(3)** **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Parties' Joint Position: The parties do not believe the case should be assigned to a magistrate judge for any purpose other than to resolve any discovery issues.

**(4)** **Whether there is a realistic possibility of settling the case.**

Parties' Joint Position: At this time, prior to resolution of Defendant's motion to dismiss, the parties do not believe there is a realistic possibility of settlement.

**(5)** **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Parties' Joint Position: The parties do not believe ADR would be fruitful at this time. Should the case not be resolved on Defendant's motion to dismiss, the parties anticipate revisiting whether ADR would be appropriate.

**(6)** **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiff's Position: Plaintiff believes that this case cannot properly be resolved by summary judgment motion or motion to dismiss but, rather, requires trial on the merits before a jury. Nonetheless, defendant has submitted a motion to dismiss which has been fully briefed by the parties and is awaiting resolution by the Court. The parties defer to the Court as to the time of a decision on Defendant's motion.

Defendant's Position: Having already filed a motion to dismiss in the case, Defendant believes this case can be resolved by a motion to dismiss. As of September 17, 2007, all dispositive motions, oppositions, and replies have been filed with the Court. The parties defer to the Court as to the time of a decision on Defendant's motion to dismiss.

**(7)** **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

Parties' Joint Position: At this time, the parties will stipulate to postponing the initial disclosures required by Fed. R. Civ. P. 26(a)(1). In the event the case is not disposed of on Defendant's motion to dismiss, the parties will make such disclosures 30 days after the Court's decision on the motion to dismiss.

**(8)     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Plaintiff's Position:  Plaintiff believes that discovery will require six months from the date of resolution of Defendant's motion to dismiss, assuming that motion is denied, that no limits on discovery other than those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court are necessary, and that no protective order is presently warranted.

Defendant's Position: Defendant does not believe discovery is warranted.  As stated in Defendant's motion to dismiss, the only judicial recourse available to Plaintiff potentially is judicial review of a final order from the U.S. Office of Personnel Management, after an administrative appeal there.  Such a claim would be governed by the Administrative Procedure Act ("APA"); pursuant to an APA claim, Plaintiff would not be entitled to discovery other than being allowed access to the administrative record.

**(9)     Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

Parties' Joint Position:  The parties do not believe the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified.  In the event that this Court does not grant Defendant's motion to dismiss, the parties will confer as to whether and when depositions of experts should occur.

**(10)     In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Parties' Joint Position:  As this case is not a class action, this topic is not applicable.

**(11)     Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Parties' Joint Position:  Should this case not be disposed of by Defendant's motion to dismiss, the parties do not anticipate bifurcation or management of the case in phases.

**(12)     The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Parties' Joint Position:  In light of Defendant's pending motion to dismiss, at this juncture the parties have deemed it premature to suggest to the Court a pretrial conference date.

**(13)    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

<u>Parties' Joint Position</u>:  In light of Defendant's pending motion to dismiss, at this juncture the parties have deemed it premature to suggest whether the Court should set a firm trial date at a prospective scheduling conference.

**(14)    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

<u>Parties' Joint Position</u>:  No such matters have been identified by the parties.

Respectfully submitted,

*with permission by AFShelley*

Gerald C. Kell
1309 P Street, NW
Apartment 5
Washington, DC  20006
Telephone:  202-588-1162

*Plaintiff, pro se*

Anthony F. Shelley (D.C. Bar No. 420043)
MILLER & CHEVALIER CHARTERED
655 15th Street, NW
Suite 900
Washington, DC  20005
Phone:  202-626-5924
Facsimile:  202-626-5801
E-mail:  ashelley@milchev.com

*Counsel for Defendant CareFirst BlueCross BlueShield*