IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERALD C. KELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-01402-RJL |
| ) | |
| CAREFIRST BLUECROSS BLUESHIELD, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant CareFirst BlueCross BlueShield ("CareFirst") respectfully files this Supplemental Memorandum in support of its Motion to Dismiss all claims in this action. With this Supplemental Memorandum, CareFirst seeks to bring to the Court's attention a recent development -- namely, the issuance of an additional benefits determination that provides Plaintiff with still another opportunity to pursue the exclusively federal remedy applicable in this case.

As explained in CareFirst's Motion to Dismiss, courts in this circuit and elsewhere have repeatedly held that the Federal Employees Health Benefits Act ("FEHBA") preempts all state law claims, like those asserted by Plaintiff here, relating to the payment of benefits by a FEHBA plan. *See* Def.'s Mem. in Supp. of Mot. to Dismiss at 6 (citing cases). The holdings in these decisions follow from FEHBA's express preemption clause. Under that clause, FEHBA contract terms that "relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits)" preempt any state laws that "relate[] to health insurance or plans." 5 U.S.C. §

8902(m)(1). Included among those contract terms is the Statement of Benefits for the Service Benefit Plan (or "the Plan"), which contains detailed provisions outlining the remedy that must be followed in order to dispute the Plan's denial of benefits. *See* Def.'s Mem. in Supp. of Mot. to Dismiss at 3. Under these contract provisions, reconsideration must be sought with the carrier; then an administrative appeal must be filed with OPM; after that, a litigant may file an action in federal court *against OPM* for judicial review of OPM's decision, with the sole relief available being an order requiring payment of the disputed benefits (but not interest, punitive damages, fees, or costs). 2004 Statement of Benefits at 101-02 (Exh. D to Notice of Removal). Direct judicial action against the carrier or its subcontractors is forbidden. *See* 5 C.F.R. § 890.107; *Kight v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.* 34 F. Supp. 2d 334, 339-42 (E.D. Va. 1999). This remedy outlined in the contract is also fully detailed in OPM's regulations. *See* 5 C.F.R. § 890.105; *see also id.* § 890.107(d)(1).

Accordingly, Plaintiff's sole remedy for the denial-of-benefits grievance at issue here is through FEHBA's contractually and regulatorily mandated OPM review process; it is only after exhausting that process that Plaintiff may resort to the court system; and even then he may sue only OPM, not CareFirst. Because Plaintiff has instead invoked state remedies against CareFirst, Plaintiff's claims are preempted.

Plaintiff has attempted to avoid this clear conclusion by arguing that CareFirst "block[ed] his access" to OPM's review process, Pl.'s Opp'n. at 1, thus justifying his suit against CareFirst. As shown in CareFirst's reply brief, however, Plaintiff had numerous unimpeded opportunities to seek OPM review, *see* Def.'s Reply in Supp. of Mot. to Dismiss at 2-4; and, in any event, such supposed "blocking" would not then permit

2

Plaintiff to resort to state law. *See id.* at 4-5; *see also* Def.'s Mem. in Supp. of Mot. to Dismiss at 6.

Now, a recent decision on the benefits at issue in this case plainly provides Plaintiff with yet another opportunity to avail himself of FEHBA's mandatory administrative review process, thus further undermining his theory of the case. Specifically, on December 7, 2007, Plaintiff was sent a notice affirming on its merits the denial of benefits for inpatient substance abuse treatment. *See* Letter to Gerald Kell Dated December 7, 2007) (Ex. A to this Supplemental Memorandum). While the mental health benefits administrator for the Plan had previously denied reconsideration of the benefits denial on procedural grounds, the mental health benefits administrator determined to give Kell all benefit of the doubt and to consider the challenge to the denial on its merits. After full review of the medical evidence, the administrator affirmed that inpatient, as opposed to outpatient, substance abuse treatment was not medically necessary. *See id.* at 2. Plaintiff has another opportunity for OPM review, as a result of this decision. *See* 5 C.F.R. § 890.105(e)(1)(i) (setting forth OPM review procedures).

In short, although Plaintiff's claims are plainly preempted irrespective of this recent decision, the notice is nevertheless relevant to the Court's consideration of CareFirst's Motion to Dismiss because the decision directly undercuts Plaintiff's theory of the case. Far from being denied access to FEHBA's administrative remedy, Plaintiff has always had ready access to that remedy, and by virtue of this recent decision, has access once again. Accordingly, the recent benefits decision provides a further justification for granting CareFirst's Motion to Dismiss Plaintiff's state law claims, so as

to allow this dispute to resolve itself through the exclusively federal administrative process prescribed by FEHBA.

## CONCLUSION

The Court should grant CareFirst's Motion to Dismiss.

Respectfully submitted,

/s/

_____
Anthony F. Shelley (D.C. Bar No. 420043)
MILLER & CHEVALIER CHARTERED
655 15th Street, NW
Suite 900
Washington, DC 20005
Phone: 202-626-5924
Facsimile: 202-626-5801
E-mail: ashelley@milchev.com

*Counsel for CareFirst BlueCross BlueShield*

# Exhibit A to Supplemental Memorandum

CareFirst BlueCross BlueShield
**Federal Employee Program**
10455 Mill Run Circle
Owings Mills, MD 21117-5559



BlueCross BlueShield
Federal Employee Program

December 7, 2007

Gerald Kell
1309 P ST NW APT 5
Washington, DC 20005

Re: Gerald Kell
Subscriber #: R24699276
Date of service: 6/24/04 to 7/22/04

Dear Gerald Kell:

Magellan Behavioral Health, a subsidiary of Magellan Health Services (Magellan) has been authorized by CareFirst BlueCross BlueShield (CareFirst) to administer its Managed Mental Health Program for the Federal Employee Program (FEP) BlueCross BlueShield Service Benefit Plan. As such, we are responsible for reviewing mental health and/or substance abuse treatment to ensure that it is appropriate for payment purposes according to the guidelines of your Federal Employees Health Benefit Program.

This is in response to the member reconsideration request received on 12/3/07, in which you requested payment for Residential Treatment, Substance Related Disorder, Adult rendered by Dr. Solonius at Ashley, Inc for the period of 6/24/04 to 7/22/04.

A CareFirst Medical Director and Physician Advisor specializing in psychiatry and substance abuse have reviewed the documentation submitted by you as well as medical records provided by Ashley, Inc.

® Registered trademark of the Blue Cross and Blue Shield Association
CareFirst BlueCross BlueShield is an Independent license of the Blue Cross and Blue Shield Association
CareFirst is a registered trademark of CareFirst of Maryland, Inc.

After careful review of the submitted documentation it has been determined that Residential Treatment, Substance Related Disorder, Adult is considered not medically necessary. Per the Physician Advisor, Dr. Abe Soliman: The patient was admitted to Residential Treatment Substance Related Disorder after he was detoxed and medically cleared at The George Washington UH from 6/16/04 to 6/24/04. Upon admission to above facility (Father Martin Ashley), the patient did not have any withdrawal symptoms and he was stable medically. Patient denied any suicidal or homicidal ideation and he did not show any symptoms or depression. Patient had a good supportive family. He did not have history of prior suicidal attempts and denied any suicidal or homicidal ideation on admission. The patient did not have any acute medical, psychiatric or substance related symptoms that required 24 hour nursing care. His rehabilitation could have been provided safely and effectively at intensive outpatient substance abuse rehabilitation.

According to your 2004 BlueCross BlueShield Service Benefit Plan brochure on 112, Medical Necessity is defined as:

1. Appropriate to prevent, diagnose, or treat your condition, illness, or injury;
2. Consistent with standards of good medical practice in the United States;
3. Not primarily for the personal comfort or convenience of the patient, the family, or the provider;
4. Not part of or associated with scholastic education or vocational training of the patient; and
5. In the case of inpatient care, cannot be provided safely on an outpatient basis.

Based on the submitted documentation and the Medical Director's review this Residential Treatment Substance Related Disorder Adult was not medically necessary based on 1, 3, and 5 of the definition above.

Members have the right to further appeal the services that remain denied. Your Federal Employee Program Customer Service Department will send notification of these appeal rights, with specific insturctions, within the next few days. If you have any questions regarding the appeal process or this review outcome, please contact the Federal Customer Service Department at the phone number on the back of your identification card.

Sincerely,

Care Management Department Magellan Behavioral Health

CC:
Attending Dr. Solonius
Utilization Management Department Ashley, Inc